Citation Nr: 1714100 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 12-27 052A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial rating in excess of 30 percent for post-traumatic stress disorder (PTSD). 


REPRESENTATION

Veteran represented by: Joseph R. Moore, Attorney


ATTORNEY FOR THE BOARD

A. Price, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from February 2005 to November 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In October 2015, the Board issued a decision denying an increased initial rating and earlier effective dates for PTSD and hemorrhoids, and service connection for flat feet, and a lung condition. The Veteran appealed this decision to the Court of Appeals for Veterans Claims (Court). By an August 2016 Order, the Court, pursuant to a joint motion for remand (JMR), dismissed the service connection and effective date claims, vacated the Board's October 2015 decision as to the increased rating claim, and remanded the case for action consistent with the JMR. 

The Board acknowledges that in February 2017, the Veteran applied for service connection for bilateral hearing loss, tinnitus, fibromyalgia, flat feet, irritable bowel syndrome, a hernia, and ganglion cyst. Those issues have not been adjudicated by the AOJ and will not be addressed in this decision.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the added delay, for reasons explained below, additional development is required prior to adjudication of this appeal. 

The Veteran is seeking an initial rating in excess of 30 percent for his service connected PTSD. The Veteran's only VA examination for PTSD was conducted in February 2010, more than seven years ago. At that time, the examiner specifically noted that the Veteran's PTSD resulted in occupational and social impairment due to mild or transient symptoms which decreased work efficiency and the ability to perform occupational tasks only during periods of significant stress; or symptoms controlled by medication. Additionally, the only symptoms noted by the examiner were intrusive thoughts, avoidance, trouble sleeping, hypervigilance and increased anxiety in crowded places when stressed. In several notes from his treatment records, however, the Veteran reported panic attacks, nightmares, flashbacks, isolation, intrusive thoughts, irritability, high anxiety, hypervigilance, difficulty concentrating and memory loss. In briefs submitted by his representative in January 2014 and August 2012, it was reported that the Veteran's symptoms were more severe than what was noted in the February 2010 VA examination report and caused social and occupational impairment, with deficiencies in most, if not all, areas. 

Therefore, the evidence of record suggests that the Veteran's PTSD symptomatology may have increased in severity since the February 2010 VA examination. The Board finds a new VA examination is needed to properly assess the current severity of the Veteran's disability. See Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007). 

Also, the record shows the Veteran receives ongoing mental health treatment. Therefore, while the appeal is in remand status any relevant, outstanding contemporaneous treatment records should also be obtained and associated with the claims file. See 38 U.S.C.A. § 5103A (b).

Accordingly, the case is REMANDED for the following action:

1. With any necessary assistance from the Veteran, attempt to obtain and associate with the claims file all of his relevant treatment records from VA medical centers dated after January 2014, as well as any records from private providers he wants VA to consider. All actions to obtain the requested records should be documented fully in the claims file.

2. After any additional records are associated with the claims file, schedule the Veteran for an appropriate VA PTSD examination. After examining the Veteran and reviewing the record, together with the results of any testing deemed necessary, the examiner should address the current nature and severity of the Veteran's service-connected PTSD.

The examiner should report all pertinent symptomatology and findings in detail. The examiner should address the extent of social and occupational impairment attributable to the Veteran's PTSD.

A complete rationale for any opinion offered should be provided.

3. After completion of the above, the AOJ should readjudicate the claims on appeal. If the benefits sought on appeal are not granted to the Veteran's satisfaction, he and his representative must be furnished a Supplemental Statement of the Case and afforded an opportunity to respond.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).